UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| KEITH CALICOAT, | : |
| Plaintiff, | : Case No. 3:24-cv-337 |
| v. | : Judge Thomas M. Rose |
| | : Magistrate Judge Caroline H. Gentry |
| COMMON PLEAS COURT OF MONTGOMERY COUNTY, *et al.*, | : |
| Defendants. | : |

**ENTRY AND ORDER GRANTING DEFENDANTS COMMON PLEAS COURT OF MONTGOMERY COUNTY, DIVISION OF DOMESTIC RELATIONS AND MONTGOMERY COUNTY CHILD SUPPORT ENFORCEMENT AGENCY'S MOTION TO DISMISS (DOC. NO. 6)**

Presently before the Court is Defendants Common Pleas Court of Montgomery County, Division of Domestic Relations and Montgomery County Child Support Enforcement Agency's Motion to Dismiss ("Motion") (Doc. No. 6). The Motion of Defendants Common Pleas Court of Montgomery County, Division of Domestic Relations ("Domestic Relations Court") and Montgomery County Child Support Enforcement Agency's ("Agency") (collectively, "Defendants") is directed towards Plaintiff Keith Calicoat's ("Plaintiff") Complaint (Doc. No. 1), which alleges his rights were violated under 42 U.S.C. § 1983 because he was denied due process when he was not notified of hearings relating to the modification of his child support obligations. (*Id*. at PageID 3.) Defendants argue that the Complaint must be dismissed because it does not name the proper parties, it was filed outside the statute of limitations, and it violates the Rooker-Feldman doctrine. (Doc. No. 6.)

For the reasons discussed below, the Court **GRANTS** the Motion.

1

I. **BACKGROUND**

This matter stems from a series of Domestic Relations Court hearings conducted in relation to Plaintiff's child support obligations. Specifically, Plaintiff alleges that a hearing was held on July 27, 2012 during which a magistrate for the Domestic Relations Court magistrate determined Plaintiff's medical support payments should be set at $75 per month. (Doc. No. 1 at PageID 3.) Plaintiff alleges that he was not provided notice of this hearing. (*Id*. at PageID 3-4.) Plaintiff further alleges that, in 2017 and 2018, he argued to the Domestic Relations Court that he was never notified of the 2012 hearing. (*Id*. at PageID 4.)

The second hearing forming the basis for Plaintiff's Complaint occurred on April 30, 2014. (*Id*.) At this hearing, the Child Support Agency asked for and received an order finding a $22,000 arrearage and modifying Plaintiff's child support order. (*Id*.) Plaintiff alleges that he was not notified of this hearing and was not given the opportunity to defend himself. (*Id*.) As a result of this modification, a contempt hearing was ultimately scheduled and held on June 15, 2018. (*Id*. at PageID 5.)

Plaintiff filed his Complaint on December 30, 2024. (Doc. No. 1.) Defendants filed their Motion on March 28, 2025 (Doc. No. 6). Plaintiff did not file an opposition. The time for filing an opposition having passed, this matter is ripe for review and decision.

II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56.

While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* parties must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is "not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012). In other words, "while [a pro se] plaintiff is not required to recite chapter and verse of the statute upon which he relies, he must provide the court and the defendant with sufficient information

3

about the basis for his claim to satisfy federal notice pleading requirements." *Hawkins v. Youngstown Mun. Court*, No. 4:12-CV-1029, 2012 U.S. Dist. LEXIS 130499, at *6, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012).

### III. ANALYSIS

Defendants argue that the Complaint must be dismissed for three reasons. First, Defendants contend the Complaint does not name proper parties because both Defendants are entities that are not capable of being sued under Ohio law. (Doc. No. 6 at PageID 25-26.) Second, as Plaintiff admits that he was aware of the hearings in 2018, Defendants argue the two-year statute of limitations has expired. (*Id*. at PageID 26-27.) Finally, Defendants argue that the Rooker-Feldman doctrine prevents the Court from revisiting cases that involve the issuance of a divorce, alimony, or a child custody decree. (*Id*. at PageID 27-28.) The Court can resolve this matter by addressing the statute of limitations and need not address the remainder of Defendants arguments.

No statute of limitations is provided in § 1983; therefore, the Court must look to the state's applicable limitations period. *Hackett v. Bd. of Educ. Of the Marysville Exempted Vill. Sch. Dist.*, 2:18-CV-1308, 2019 U.S. Dist. LEXIS 94399, at *8, 2019 WL 2374379 (S.D. Ohio June 5, 2019) (*citing Wilson v. Garcia*, 471 U.S. 261, 269 (1985)). The Supreme Court has explained that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injuries. *Wilson*, 471 U.S. at 275-76. The Sixth Circuit has further held that the appropriate statute of limitation for a § 1983 claim in Ohio is found in Ohio Rev. Code § 2305.10, "'which requires that actions for bodily injury be filed within two years after their accrual.'" *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (*quoting Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)).

The Sixth Circuit has held that the statute of limitations period begins to run "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has

occurred." *Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 Fed. App'x 830, 833 (6th Cir. 2016). "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

Plaintiff, by his own admission, was aware of both hearings as early as 2018. The Complaint specifically alleges that Plaintiff argued to the Domestic Relations Court that he was notified of the 2012 hearing during proceedings in 2017 and 2018. (Doc. No. 1 at PageID 4) ("The plaintiff has stated multiple times that he was never notified of the hearing or the decision numerous times at the various vacate motion hearings he has been at in 2017 and 2018 and no evidence was ever produced showing that any kind of notification was ever sent to or received by the plaintiff"). He further alleges that the contempt hearing was held on June 15, 2018 in relation to the 2014 hearing. (*Id*. at PageID 5.) Plaintiff was aware of the two offending hearings as early as 2018 and, consequently, he was alerted to the need to protect his rights. Therefore, Plaintiff should have filed this action, at the latest, in 2020. Plaintiff missed his window by at least four years.

### IV. CONLUSION

For the reasons stated above, the Court **GRANTS** Defendants Common Pleas Court of Montgomery County, Division of Domestic Relations and Montgomery County Child Support Enforcement Agency's Motion to Dismiss (Doc. No. 6). The Clerk is directed to terminate this matter on the docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 22, 2025.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE